UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY ROMANCZUK,

      Plaintiff,

-vs-

COUNTRYSIDE VILLAGE MI LLC
d/b/a COUNTRYSIDE VILLAGE,

      Defendant.

Case No.
Hon.
Mag.

_____

ZACHARY T. RUNYAN (P83671)
**MARKO LAW, PLLC**
Attorney for Plaintiff
1300 Broadway Street, Fifth Floor
Detroit, MI  48226
P: (313) 777-7529 / F: (313) 771-5785
zach@markolaw.com
melinda@markolaw.com
_____

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

_____

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, **TERRY ROMANCZUK**, by and through his attorneys, **MARKO LAW, PLLC**, and for his Complaint against the above-named Defendant, states as follows:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. This court also has supplemental jurisdiction over Plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

3. Plaintiff Terry Romanczuk is a male residing in the County of Shiawassee, State of Michigan.

4. Plaintiff was at all times relevant to this Complaint employed by Defendant Countryside Village MI LLC.

5. Defendant Countryside Village MI LLC conducts business in the State of Michigan and does in fact regularly and systematically conduct this business in the County of Shiawassee, State of Michigan.

6. The transactions and occurrences giving rise to this action took place in the County of Shiawassee, State of Michigan.

7. The amount in controversy exceeds the jurisdictional minimum for this Honorable Court, exclusive of interest, costs and attorney fees, and the matter is otherwise within the jurisdiction of this Court.

## **FACTUAL ALLEGATIONS**

8. Plaintiff, by reference incorporates the preceding paragraphs of his Complaint as though fully set forth herein.

9. On or about April 1, 2016, Plaintiff began his employment at Countryside Village MI LLC as a Maintenance Worker.

10. Plaintiff's primary responsibilities were preparing homes for new move-ins, landscaping, and groundskeeping.

11. During his tenure, Plaintiff's work performance met or exceeded Defendant's legitimate expectations. Plaintiff's reviews of his performance were consistently satisfactory.

12. Over the course of his employment, between April 2016 and July 2020, Plaintiff received several raises.

13. Over the course of his employment, between April 2016 and July 2020, Plaintiff received no writeups or any disciplinary actions.

14. Plaintiff, having been diagnosed with autoimmune disease in 2014, is a qualified individual with a disability under the Americans with Disabilities Act of 1990. As a result of Plaintiff's disability, major life activities are substantially limited.

15. On or about February 2020, due to the ongoing COVID-19 pandemic, Defendant informed Plaintiff and Defendant's other employees that employees would no longer be entering homes to provide maintenance.

16. Plaintiff was able to fully perform his duties without entering homes to provide maintenance.

17. On or about July 28, 2020, Defendant informed Plaintiff that he would be required to go back into homes. Plaintiff informed Defendants that he could not go back into homes during the ongoing pandemic due to his disability.

18. As a result, on July 28, 2020, Plaintiff complained to Manager William Karl about the discriminatory treatment and refusal to approve his request for an accommodation that would allow him to continue working outside of homes. Specifically, Plaintiff told Karl that he could not go into homes because of his disability. Karl responded, "Then you're fired, we no longer need your services, turn in your keys."

19. Rather than engaging in the interactive process to address Plaintiff's request for an accommodation, Defendants decided to summarily fire Plaintiff on July 28, 2020. Tellingly, Plaintiff had been allowed to work outside of homes for the five months prior to complained of disability discrimination.

20. Defendant allegedly fired Plaintiff because of insubordination. However, Defendant's reason was pretext and retaliatory due to Plaintiff's complaints of discrimination.

21. Plaintiff exhausted his administrative remedies by filing a claim with the EEOC and obtained a right to sue letter from the administration.

### COUNT I - FAILURE TO PROVIDE A REASONABLE ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §§ 12181 ET SEQ.
*Failure to Accommodate*

22. Plaintiff, by reference, incorporates the preceding paragraphs of his Complaint as though fully set forth herein.

23. In 2014, Plaintiff was diagnosed with autoimmune disease, making him a "qualified individual with a disability" within the meaning of 42 U.S.C.A. § 12111 of the ADA. Plaintiff could perform the essential functions of his position with or without a reasonable accommodation.

24. On July 28, 2020, Plaintiff notified Defendant about his disability and requested a reasonable accommodation to continue to work outside of homes during the COVID-19 Pandemic.

25. Defendant refused to engage in the interactive process and denied Plaintiff's request.

26. Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

27. Defendant intentionally violated Plaintiff's rights under the ADA with malice or reckless indifference and, as a result, is liable for punitive damages.

### COUNT II - RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. §§ 12181 ET SEQ.
*Retaliation*

28. Plaintiff, by reference, incorporates the preceding paragraphs of his Complaint as though fully set forth herein.

29. Plaintiff was qualified for his position when Defendant fired him.

30. On July 28, 2020, Plaintiff engaged in protected activity by complaining to Manager William Karl about the discriminatory treatment based on Plaintiff's disability and requests for a reasonable accommodation. Specifically, Plaintiff told Karl that he could not enter homes during the COVID-19 Pandemic due to his autoimmune disease. Karl responded that "you're fired, we no longer need your services, turn in your keys."

31. On the very day that Plaintiff complained of disability discrimination, Defendant summarily fired Plaintiff.

32. Defendant's alleged reason for terminating Plaintiff's employment is pretextual and baseless. Defendant fired Plaintiff because he complained of disability discrimination on July 28, 2020.

33. Plaintiff suffered damages as a result of Defendant's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

34. Defendant intentionally violated Plaintiff's rights under the ADA with malice or reckless indifference and, as a result, is liable for punitive damages.

## COUNT III - VIOLATION OF THE PERSONS WITH DISABILITIES CIVIL RIGHTS ACT M.C.L. §37.1101
*Disparate Treatment*

35. Plaintiff, by reference, incorporates the preceding paragraphs of his Complaint as though fully set forth herein.

36. Plaintiff has a disability which has and does substantially limit his major life activities.

37. Plaintiff also, or in the alternative, was regarded as having a disability by his employer, Defendant.

38. Plaintiff is qualified and able to fulfill the requirements of the positions that he applied for with reasonable accommodations.

39. Plaintiff suffered an adverse employment action by and through Defendant's discrimination.

40. Plaintiff continues to suffer emotional distress and has suffered pecuniary losses and non-pecuniary damages.

### COUNT IV - VIOLATION OF THE PERSONS WITH DISABILITIES CIVIL RIGHTS ACT M.C.L. §37.1602
*Retaliation*

41. Plaintiff, by reference, incorporates the preceding paragraphs of his Complaint as though fully set forth herein.

42. MCL §37.1602 provides that

> A person or 2 or more persons shall not do the following:
>
> a) Retaliate or discriminate against a person because the person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this act.

43. Plaintiff was retaliated against and subjected to adverse employment actions, including but not limited to eventual termination, as a result of asserting his civil rights by requesting a reasonable accommodation.

44. As a result of the actions of the Defendant, Plaintiff has suffered and will continue to suffer injuries and damages.

### COUNT V - VIOLATION OF THE PERSONS WITH DISABILITIES CIVIL RIGHTS ACT M.C.L. §37.1101
*Failure to Accommodate*

45. Plaintiff, by reference, incorporates the preceding paragraphs of his Complaint as though fully set forth herein.

46. Plaintiff has a disability which has and does substantially limit major life activities.

47. Plaintiff also, or in the alternative, was regarded as having a disability by his employer, Defendant.

48. Plaintiff was able to fulfill the essential duties of his job with accommodation, namely, Defendant previously accommodated Plaintiff by allowing him to work outside of homes during the ongoing COVID-19 pandemic.

49. At the time Plaintiff was terminated, Defendant no longer allowed Plaintiff this reasonable accommodation.

50. Plaintiff has suffered an adverse employment action by and through his termination.

51. Defendants discriminated against Plaintiff by refusing to continue in reasonably accommodating Plaintiff's disability.

52. As a result of Defendant's discriminatory conduct, Plaintiff suffered and continues to suffer damages.

WHEREFORE, Plaintiff request that this Court enter judgment against Defendants, providing the following relief:

    a. Back-pay, with prejudgment interest;
    b. Front-pay;
    c. Compensatory damages in whatever amount that Plaintiff is found to be entitled;

    d.    Reinstatement of Plaintiff's employment position;

    e.    An award of reasonable attorney's fees, expenses, and costs;

    f.    Other appropriate nondiscriminatory measures to overcome the above-described discrimination; and

    g.    Such other and further relief that the Court deems appropriate.

Respectfully submitted,

*/s/ Zachary T. Runyan*
Zachary T. Runyan (P83671)
**MARKO LAW, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: zach@markolaw.com

Date: November 29, 2021

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, TERRY ROMANCZUK, by and through his attorneys, MARKO LAW, PLLC, and hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,

*/s/ Zachary T. Runyan*
Zachary T. Runyan (P83671)
**MARKO LAW, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: zach@markolaw.com

Date: November 29, 2021